J-S05040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JULIE RENEE WINTERS | |
| Appellant | No. 1184 WDA 2014 |

Appeal from the Judgment of Sentence entered February 20, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No: CP-25-CR-0001796-2013

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 27, 2015**

Appellant, Julie Renee Winters, appeals from the judgment of sentence imposed on February 20, 2014 in the Court of Common Pleas of Erie County following her conviction for simple assault, 18 Pa.C.S.A. § 2701(a)(3).  In the brief filed by her counsel in accordance with ***Anders v. California***, 386 U.S. 938 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), Appellant contends her sentence was manifestly excessive and not individualized.  Her counsel concurrently filed a petition for leave to withdraw.  For the reasons that follow, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On January 2, 2014, Appellant entered a no contest plea to a charge of simple assault stemming from a "love triangle" incident in which she waved a knife in front of a man and another woman in a driveway in Wayne

Township in Erie County. Notes of Testimony, Plea Hearing, 1/2/14, at 8-9; 12. On February 20, 2014, the trial court imposed a sentence of nine to 24 months at the Pennsylvania Department of Corrections. A motion to reconsider sentence filed on March 3 was denied the following day. A timely notice of appeal was filed on March 21, 2014 but was discontinued at the request of plea counsel. By order dated July 16, 2014, the trial court granted Appellant's motion to reinstate her appellate rights and directed Appellant to file an appeal within ten days of the order. Appellant complied, filing the instant appeal on July 21, 2014. The trial court subsequently directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On August 11, 2014, appointed appellate counsel filed a statement of intent to file an **Anders/McClendon** brief[1] in lieu of a 1925(b) statement. In response, the trial court issued a one-sentence Memorandum Opinion dated August 14, advising there were no issues to address in light of counsel's statement of intent to file an **Anders** brief.

_____

[1] Although the title of counsel's petition suggested she would file an **Anders/McClendon** brief, the brief filed with this Court appropriately refers to **Commonwealth v. Santiago, supra**, requiring that counsel state the reasons for concluding the appeal is frivolous, rather than comply with the standard set forth in **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981), abrogated by **Santiago**.

On October 30, 2014, appellate counsel filed her ***Anders*** brief with this Court along with a petition for leave to withdraw, including a letter to Appellant advising her, *inter alia*, of the right to retain other counsel or pursue her claims *pro se.* By letter dated November 3, 2014, the Commonwealth advised this Court of its intent not to file a responsive brief. Appellant filed a *pro se* response to the ***Anders*** brief by letter dated January 27, 2015 and docketed on February 2, 2015.

In her ***Anders*** brief, counsel presents one issue that arguably supports the appeal. Specifically, she questions whether "[t]he sentence in this case was manifestly excessive and clearly unreasonable, and not individualized as required by law, in that it failed to take into account the fact that [Appellant] had children to care for." Appellant's Brief at 1.

We may not address the merits of Appellant's issue without first reviewing the request to withdraw. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa. Super. 2005). As this Court recognized in ***Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013), our Supreme Court's decision in ***Santiago*** did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in **Anders**. In the petition to withdraw, counsel explains her conclusion that, based on a review of the case, there are no meritorious issues to be raised on Appellant's behalf and that proceeding with the case would be frivolous. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of her right to retain new counsel or act on her own behalf to raise additional arguments or points for this Court's consideration.

Having concluded counsel satisfied the procedural requirements of **Anders**, we must ascertain whether the brief satisfied the substantive mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In the **Anders** brief, counsel has included a statement of the case that includes a procedural history of the case. Counsel has satisfied the first requirement.[2]

The second required element of an **Anders** brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel suggests that the trial court failed to consider mitigating circumstances when sentencing Appellant, including the fact appellant has three minor children and the fact Appellant and her victim subsequently reconciled their differences. Appellant's Brief at 3. Counsel has satisfied the second **Anders** requirement.

_____

[2] We are constrained to admonish counsel for inaccuracies in the statement of the case, including that Appellant entered a guilty plea when in fact she entered a no contest plea; that "Mr. Winters swung a knife toward Isabelle Wells and another woman in a driveway" when in fact Ms. Winters swung a knife toward Isabelle Wells and a man; and that Appellant was sentenced to 9 to 14 months in prison when she actually was sentenced to a term of nine to 24 months. While some of these inaccuracies may simply be typographical errors, they are nevertheless unwarranted errors that cannot be justified. However, at the same time, because they are not so egregious as to defeat the requirement for a summary of facts and procedural history of the case, we shall consider that requirement satisfied.

We also note, for future filings, that counsel should understand that the Pa.R.A.P. 2111(a)(3) briefing requirement for a statement of the scope and standard of review does not call for counsel to define scope and standard of review. Rather, the rule anticipates that counsel will include a statement of the scope and the standard of review to be applied to the matters before this Court on appeal.

Counsel also has satisfied the third element of **Anders**, stating her conclusion that the appeal is frivolous. Appellant's Brief at 6. Finally, counsel provided her reasons for concluding the appeal is frivolous. Counsel included reference to facts of record and citation to case law addressing the trial court's discretion in imposing sentences, noting the trial court's concern with Appellant's prior history, which included not only an adjudication as a juvenile but also several convictions for assault, terroristic threats and related offenses as an adult, along with five summary offenses since 2011.[3] Appellant's Brief at 3-6. Moreover, counsel recognizes the trial court's pronouncement that the sentence imposed was in the low end of the standard range in light of Appellant's acceptance of responsibility for the events. Appellant's Brief at 6; Notes of Testimony, Sentencing, 2/20/14, at 8. Counsel has satisfied the fourth and final element of the **Anders** test.

Having determined the procedural and substantive requirements of **Anders** are satisfied, we must conduct our own independent review of the record to determine if the issue identified in this appeal is, as counsel asserts, wholly frivolous, or if there are any other meritorious issues present in this case. **Santiago**, 978 A.2d at 354 (quoting **Anders**, 386 U.S. at 744) ("[T]he court—not counsel—then proceeds, after a full examination of all the

---

[3] Appellant was 25 years of age at the time of sentencing. Notes of Testimony, Sentencing, 2/20/14, at 4.

proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

Again, the issue raised by Appellant involves the sentence imposed by the trial court following Appellant's no contest plea. Appellant contends the sentence is "manifestly excessive and clearly unreasonable, and not individualized as required by law, in that it failed to take into account the fact that [Appellant] had children to care for." Appellant's Brief, at 1. As such, Appellant presents a challenge to the discretionary aspects of her sentence.

In **Commonwealth v. Levy**, 83 A.3d 457 (Pa. Super. 2013), this Court reiterated:

> Appellant is not entitled as of right to a review of such a challenge. Our jurisdiction over a claim regarding the discretionary aspects of sentence must be established as follows:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b).

*Id.* at 467 (quoting **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010) (internal quotation marks, citations and modifications omitted)).

Appellant filed a timely notice of appeal on July 21, 2014, following the July 16 order reinstating her direct appeal rights. Further, she filed a timely motion for reconsideration of sentence contending the trial court failed to give to proper weight to her rehabilitative potential, the fact she has three minor children, and evidence that she and her victim reconciled their differences and were on friendly terms. Motion for Reconsideration, 3/3/14, at 1. In her brief filed with this Court, she included a Pa.R.A.P. 2119(f) statement of the reasons relied upon for allowance of appeal with regard to the discretionary aspects of sentence. Having satisfied the first three elements of the test, we turn to the fourth element, whether there is a substantial question under 42 Pa.C.S.A. § 9781(b) that the sentence appealed from is not appropriate.

In **Commonwealth v. Mouzon**, 812 A.2d 617 (Pa. 2002) (plurality) our Supreme Court held a claim that a sentence within statutory limits is manifestly excessive can raise a substantial question. **Id.** at 627-28. "It is also true that a claim of a harsh or excessive sentence can, at times, raise a substantial question." **Commonwealth v. Kalichak**, 943 A.2d 285, 292 (Pa. Super. 2008) (citing **Commonwealth v. Malovich**, 903 A.2d 1247, 1252 (Pa. Super. 2006)). "In general, an appellant raises a substantial question by advancing a plausible claim that the sentencing court's actions were inconsistent with a specific provision of the sentencing code or were

contrary to the fundamental norms underlying the sentencing process."

***Malovich***, 903 A.2d at 1252 (citation omitted).

There is no indication in the record before us that the trial court failed to consider Appellant's personal circumstances, ignored mandatory sentencing factors under 42 Pa.C.S.A. § 9721(b), or in any other way imposed a sentence that can be characterized as harsh or excessive in relation to the underlying circumstances. Appellant has not advanced a plausible claim that the trial court's actions were inconsistent with any provision of the sentencing code or were contrary to the fundamental norms underlying the sentencing process. As the trial court explained:

> The [c]ourt has considered the Pennsylvania Sentencing Code, the presentence report and the Pennsylvania Guidelines on Sentencing. The [c]ourt has also considered the statements of defense counsel, [Appellant], and the attorney for the Commonwealth. The [c]ourt has considered [Appellant's] age, her background, character, and rehabilitave needs; the nature and circumstances and seriousness of the ofense and the protection of the community.
>
> [Appellant] has come forward and plead guilty and accepted responsibility for her actions, and that is to her credit.
>
> The [c]ourt is, as the district attorney was, concerned because [Appellant's] prior history goes back 12 years to when she was a juvenile and includes simple assault, adjudication; terroristic threats, adjuciation; another simple assault, another simple assault, another terroristic threats, another aggravated assault, a simple assault, another simple assault, an intimidation of witness or victim; and then one, two, three, four – five summary offenses since 2011. And then this charge. This has been going on for a long time. It's been going on for a long time. And even after this offense, you were convicted of harassment before the ditrict justice. . . . You did another crime after you committed this crime. And I can't overlook all of this. And then you're

before the [c]ourt for another assault. . . . You had an opportunity under juvenile supervisions. You've also been sentenced to the Erie County prison, you did 11 and a half to 23 months for simple assault back in 2007, which is the same charge you're here before the court now. I gave you a break in 2008 by giving you probation, an intermediate punishment, for another simple assault and intimidation of witnesses. And after serving all that time in the county jail, probation, parole, your punishment, here you are back before the [c]ourt on another simple assault.

Plus since that time you have committed five summary offenses; disorderly conduct, harassment, disorderly conduct, disorderly conduct, harassment. I don't know when you spend any time with your kids because you're out committing crimes all the time. So I don't know what to do here but I can tell you it's got to stop. . . . The [c]ourt will order the following sentence, which is from the low end of the standard range of the sentencing guidelines because [Appellant] has accepted responsibility: [Appellant] will be ordered to pay the costs of prosecution, pay a fine of $50. She will be ordered incarcerated, a minimum period of which will be nine months and a maximum period which will [be] 24 months. She is not RRRI eligible. And that is a state sentence.

Notes of Testimony, Sentencing, 2/20/14, at 6-9.

It is obvious the trial court was aware of and carefully considered the facts, including Appellant's background and the "mitigating circumstances" Appellant suggests were not taken into consideration. It is further obvious that the trial court made an intelligent and informed decision in crafting Appellant's sentence. There is no hint of bias, partiality, prejudice, ill-will or manifest unreasonableness on the part of the trial court. Therefore, we find no abuse of discretion. Nor do we find any other meritorious issue present in this case. Her appeal is, as counsel asserted, wholly frivolous. Therefore, we shall grant counsel's petition for leave to withdraw.

Appellant's response to the ***Anders*** brief does not alter our determination. In her response, Appellant notes she and her victim reconciled their differences since the incident leading to this conviction. She also claims evidentiary items provided to plea counsel are now missing. Further, she contends her sentence was unreasonable "because there was no knife." Appellant's *Pro Se* Response to ***Anders*** Brief, 1/27/15, at 1. Nothing in Appellant's letter suggests that the sentence imposed was manifestly excessive or violated sentencing guidelines.

Appellant also uses her response to highlight some of her accomplishments achieved during her incarceration, including receipt of her G.E.D., completion of programs in victim awareness and money management, and pursuit of programs in violence prevention and grief sharing. ***Id.*** at 2. She contends she wants to pursue schooling and to work with cancer patients after experiencing the pain of her own father's death from cancer. She expresses her desire to live a productive life and promises her "name will not appear in the system ever again." ***Id.*** We commend Appellant for working toward future goals and her desire to lead a productive, law-abiding life. However, in terms of her past record and the sentence she is currently serving, Appellant has not provided any support for her claim of an excessive sentence or one that is not individualized. Therefore, we affirm her judgment of sentence.

Counsel's petition for leave to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2015